**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TIGRESS SYDNEY ACUTE MCDANIEL, )
                                )
                   Plaintiff,   )
                                )
         v.                     )          Civil Action No. 1:24-cv-02816 (UNA)
                                )
STATE OF NORTH CAROLINA, et al., )
                                )
                   Defendants.  )

**MEMORANDUM OPINION**

This matter is before the Court on its review of Plaintiff's *pro se* complaint ("Compl."),
ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court
grants Plaintiff's IFP application, and for the reasons explained below, it dismisses this case
without prejudice.

Plaintiff, a resident of North Carolina, has filed a prolix complaint totaling 271 pages,
against countless Defendants, for a litany of grievances. *See generally* Compl. The complaint
begins as one for defamation, arising from an article published by the Charlotte Observer in 2018,
which highlighted Plaintiff's vexatious litigation history, including 162 cases in North Carolina
local courts. *See id.* at 10–12. However, as the complaint goes on, it becomes clear that Plaintiff,
in fact, seeks to relitigate many of those cases—among others previously litigated in North
Carolina's federal and state courts—and to challenge filing injunctions entered against her by other
jurisdictions. *See id*. at 14–52; Compl. Exs., ECF No. 1–2. Plaintiff contends that these North
Carolina courts and their officials concocted a vast corrupt conspiracy with myriad other bad actors
to cause her harm, and she seeks injunctive relief and $30 million in damages. *See id*.

First, Plaintiff's complaint fails to comply with Federal Rule 8(a), which requires such
pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's complaint falls squarely into this category, as it is neither short nor plain. Sprinkled throughout the complaint are labels and phrases that suggest legal claims, yet the pleading never advances beyond a tangled mass of implausible and speculative assertions.

Second, even if Plaintiff had stated a cognizable claim, she has failed to establish subject-matter jurisdiction. The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff has failed to establish diversity jurisdiction, *see* 28 U.S.C. § 1332, because she and most of the Defendants are located in North Carolina, *see* Compl. at 1, 3–9, thus defeating complete diversity, *see Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co.*, 437 U.S. at 373–74. Nor has Plaintiff stated a federal question. *See* 28 U.S.C. § 1331. A plaintiff's "allegations must be enough to raise a right to relief above the speculative level[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and a federal question "must affirmatively appear clearly and distinctly," *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) (cleaned up). "The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Id.* Here, although Plaintiff invokes certain federal authority, *see* Compl. at 2, her allegations fail to state a cognizable claim under any of the cited law. In other words, "[e]vents may not have unfolded as [p]laintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" for a constitutional or statutory violation. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Moreover, this matter presents no connection to the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also id.* § 1406(a) (providing for transfer or dismissal for improper

venue). None of the parties is located in this District, and none of the acts or omissions allegedly giving rise to this case occurred here either.

Third, despite Plaintiff's attempt, federal courts are generally prohibited from reviewing determinations made by state or local courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486. Federal courts are similarly prohibited from revisiting the decisions of other federal courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (same), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Finally, the Court notes that judges and court staff are absolutely immune from suits for money damages for all actions taken in a judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991). Furthermore, a court and staff "will not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of [their] authority." *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

For all of these reasons, the case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:  November 27, 2024

/s/_____
   ANA C. REYES
   United States District Judge